UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSRX, INC.; OCULAR SCIENCE, INC., <br><br>  Petitioners,<br><br> v.<br><br> HYMAN PHELPS & MACNAMARA, P.C.; and KARLA L. PALMER,<br><br>  Respondents. | Case No.: 23-cv-1131-BAS-DDL<br><br>**ORDER DENYING PETITION TO COMPEL COMPLIANCE WITH SUBPOENAS**<br><br>[Dkt. No. 1] |

**I.**

**INTRODUCTION**

Before the Court is OSRX, Inc. and Ocular Science, Inc.'s ("Petitioners") Petition to Compel Compliance with Subpoena ("Petition") [Dkt. No. 1]. Petitioners seek an order compelling compliance with subpoenas for a deposition and production of documents issued to non-parties Karla Palmer, Esq. ("Palmer") and her employer, Hyman Phelps & McNamara, P.C. ("HPM"). Palmer and HPM are regulatory counsel to ImprimisRx, LLC ("ImprimisRx"), the plaintiff in *ImprimisRx, LLC v. OSRX, Inc. et al.*, 21-cv-1305-BAS-DDL ("Underlying Action"). Petitioners are the defendants in the Underlying Action. The Petition was transferred to this Court from the United States District Court for the District

/ / /

/ / /

of Columbia and is based on Petitioners' Motion to Compel Compliance with Subpoenas ("Motion to Compel") previously filed in the Underlying Action at Dkt. No. 118.[1]

Petitioners issued the subpoenas to investigate whether ImprimisRx and its litigation counsel violated the Protective Order in the Underlying Action. As explained further herein, the Court finds that subpoenas to ImprimisRx's regulatory counsel seeking a deposition and document production are not an appropriate means to investigate the suspected violation, and the record does not support a finding that further discovery on this issue is warranted. Therefore, the Petition is **DENIED**.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

### A. Protective Order in the Underlying Action

On March 10, 2022, the Court granted the parties' joint motion for entry of a Protective Order restricting the use and disclosure of discovery exchanged by the parties in the Underlying Action. Dkt. Nos. 22, 23.

On July 1, 2022, ImprimisRx moved for an order to de-designate certain documents that Petitioners had designated as confidential pursuant to the Protective Order. Dkt. No. 43. ImprimisRx represented that it sought to de-designate the documents so it could disclose them to the Food and Drug Administration and state regulatory authorities for purposes of determining whether Petitioners were in violation of the Drug Quality and Security Act, as alleged by ImprimisRx. *Id.* at 4, 10. On August 15, 2022, the Court denied ImprimisRx's motion to de-designate the documents. Dkt. No. 54.

### B. Subpoenas Issued to Palmer and HPM

On January 27, 2023, at the conclusion of a discovery hearing in the Underlying Action, Petitioners explained that they had issued subpoenas to Palmer and HPM to investigate a potential violation of the Protective Order by ImprimisRx's counsel.

---

[1] Except as otherwise specified, all further references to documents in this Order are to documents filed in the Underlying Action.

1  According to Petitioners, the subpoenas did not seek information that was relevant to a
2  claim or defense, but they argued that the information sought in the subpoenas "is relevant
3  to trying to understand if there is something that happened here that was inappropriate."
4  Dkt. No. 122 at 71.

5       On February 3, 2023, Petitioners filed the Motion to Compel Palmer and HPM to
6  comply with the subpoenas. Dkt. No. 118. Petitioners contended that after the Court
7  denied the motion to de-designate confidential documents in the Underlying Action,
8  Palmer filed regulatory complaints against OSRX with at least 14 state boards of pharmacy
9  in her own name and on her own behalf rather than on behalf of ImprimisRx. Petitioners
10 further contended that the regulatory complaints "appear to rely on information obtained
11 in this litigation, specifically with respect to the complaints' allegations that OSRX is in
12 fact 'operating a bulk compounding pharmacy.'" *Id*. at 4. Based on these contentions,
13 Petitioners issued the subpoenas to Palmer and HPM on December 27, 2022, "to investigate
14 ImprimisRx's violation of the protective order entered by the Court." *Id*. at 3.

15      The Court directed ImprimisRx's counsel to file a declaration addressing whether
16 documents designated as confidential under the Protective Order had been disclosed to any
17 person at HPM or any person not designated as counsel under the Protective Order. Dkt.
18 No. 120. On February 9, 2023, ImprimisRx's counsel Keith J. Wesley ("Wesley") filed a
19 declaration in which he stated that, prior to filing the motion to de-designate documents as
20 confidential, he "personally disclosed a small number of documents – i.e., less than 15
21 documents – that were marked by defendants as 'Confidential' or 'Confidential – For
22 Counsel Only' to Ms. Palmer for her review and counsel in May 2022," and that "the
23 purpose of this disclosure was to obtain Ms. Palmer's assistance with this case." Dkt. No.
24 123 at ¶ 4. Wesley also stated that he provided a copy of the Protective Order to Palmer.
25 *Id*. at ¶ 5. Furthermore, after reviewing the regulatory complaints that Palmer submitted to
26 the state boards of pharmacy, Wesley confirmed that "[n]o document that was marked as
27 'Confidential' or 'Confidential – For Counsel Only' is referenced or attached or mentioned
28 in the complaints," and "[t]he only attachments to the complaints are publicly available

materials . . . and materials that were provided to [ImprimisRx] by third parties." *Id*. at ¶ 7. In support of his declaration, Wesley included a copy of one of Palmer's complaints addressed to the Pennsylvania Board of Pharmacy and the attachments thereto. *See* Dkt. No. 123-1.

On February 10, 2023, the Court heard oral argument on the Petitioners' Motion to Compel and ordered ImprimisRx to produce to Petitioners and the Court the documents that Wesley disclosed to Palmer. Dkt. No. 124. ImprimisRx emailed the documents to Petitioners and the Court on February 14, 2023, and filed a notice of compliance identifying the disclosed documents by Bates number. Dkt. No. 125.

Pursuant to the Court's order for further briefing, ImprimisRx filed an opposition to the Motion to Compel [Dkt. No. 127], and Petitioners filed a reply brief [Dkt. No. 131]. The Court conducted a hearing on March 10, 2023. In accordance with this Court's order given at the March 10 hearing, ImprimisRx submitted a declaration from Palmer stating, in relevant part, that the documents provided to the Court "are the only 'Confidential' or 'Confidential – Attorney's Eyes Only' documents produced by the defendants in this litigation that I was provided." Dkt. No. 136 at ¶ 4. In addition, Palmer states: "I did not disclose in any way the [documents] to any state or federal regulatory agency, whether in writing or verbally." *Id*. at ¶ 6. Palmer further states that she has "been vigilant – and will remain vigilant – in ensuring that any confidential materials I have been provided are not disseminated to any persons not authorized under the protective order." *Id*. at ¶ 7.

Thereafter, the Court addressed with the parties the issue of whether it had jurisdiction to rule on Petitioner's Motion to Compel given that the subpoenas required compliance in the District of Columbia. The Court allowed the parties to submit briefing and heard oral arguments on the jurisdictional issue on April 20, 2023, and May 18, 2023. Dkt. Nos. 147 and 157. The Court concluded that the District of Columbia was the proper forum for Petitioners to enforce the subpoenas, and the Court denied the Motion to Compel without prejudice to Petitioners' ability to file a renewed motion to compel upon an order of transfer to this District.

Thereafter, Petitioners filed a Motion to Compel in the United States District Court for the District of Columbia. *See OSRX, Inc. et al. v. Hyman Phelps & MacNamara, P.C. et al.*, No. 23-cv-1131-BAS-DDL at Dkt. No. 1. On June 5, 2023, the United States District Court for the District of Columbia granted a motion to transfer the Motion to Compel to this District. *See OSRX, Inc. et al. v. Hyman Phelps & MacNamara, P.C. et al.*, No. 23-cv-1131-BAS-DDL at Dkt. No. 3. On June 9, 2023, Petitioners filed a Notice of Transfer Pursuant to Rule 45(f) and Renewed Motion to Compel Compliance with Subpoenas, incorporating by reference the original Motion to Compel in the Underlying Action and all prior briefing and oral arguments associated therewith. Dkt. No. 186. The Court now addresses the merits of the Motion to Compel.

## III.

## DISCUSSION

Petitioners concede that the subpoenas to Palmer and HPM do not seek information that is relevant to any claim or defense under Fed. R. Civ. P. 26(b). Rather, Petitioners contend the deposition and document production sought by the subpoenas are necessary to determine whether ImprimisRx violated the Protective Order by providing Palmer with documents designated as confidential pursuant to the Protective Order. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 5:11-cv-01846-LHK (PSG), 2014 WL 12596470 (N.D. Cal. Jan. 29, 2014) (authorizing discovery pertaining to potential violation of protective order).

The Court concludes that discovery is not warranted to investigate a potential violation of the Protective Order for two reasons. First, to the extent Petitioners contend that Palmer and HPM do not fall within the definition of "counsel" under the Protective Order and were not entitled to receive documents designated as "Confidential – For Counsel Only," a deposition of Palmer and document production by HPM would be unnecessary to explore that alleged violation. *See* Dkt. No. 22 at ¶ 4 (defining "counsel" under Protective Order). There is no dispute that ImprimisRx's litigation counsel provided Palmer with documents designated as "Confidential – For Counsel Only" [Dkt. No. 123 at

1  ¶ 4], and the information sought by the subpoenas would not be relevant to the
2  interpretation of the Protective Order's definition of "counsel."

3  Second, to the extent Petitioners seek to explore whether Palmer utilized any of the
4  documents for purposes other than the Underlying Action (*i.e.*, to file complaints against
5  Petitioners with state or federal regulatory boards), there is no evidence in the record before
6  this Court that Palmer disclosed the documents or their contents to any state or federal
7  boards.  On the contrary, Palmer stated in a written declaration that she has not disclosed
8  the documents to any regulatory agencies and that she has been and will remain vigilant to
9  ensure there are no unauthorized disclosures of the confidential materials to which she is
10 privy. Dkt. No. 136 at ¶ 7.  Wesley provided Palmer with the Protective Order, and Palmer
11 represents that she "regularly appears in federal courts nationwide" and is "familiar with
12 compliance with stipulated protective orders like the order entered in this case."  *Id.*
13 Moreover, ImprimisRx provided Petitioners with all documents that were disclosed to
14 Palmer, and the parties agree that the complaints submitted by Palmer to the regulatory
15 boards do not include any of those documents or reference their contents.

16 The Court is mindful that a deposition of Palmer and document production of HPM
17 would likely raise issues of the attorney-client privilege and the work product doctrine.
18 *See, e.g., Sciara v. Campbell*, No. 2:18-cv-01700-DJA, 2021 WL 8321864, at *3 (D. Nev.
19 Mar. 21, 2021) (holding that limited discovery regarding disclosing party's contention that
20 he was not advised by his former counsel of the existence or coverage of the protective
21 order was unnecessary where it would "invade the attorney-client privilege.").
22 Furthermore, given the absence of any evidence indicating that Palmer improperly
23 disclosed the documents or their contents to any regulatory boards for purposes other than
24 this litigation, the Court concludes that further discovery is not warranted.
25 / / /
26 / / /
27 / / /
28 / / /

## IV.

## CONCLUSION

For the foregoing reasons, the Petition to Compel Compliance with Subpoenas is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 17, 2023

_David Leshner_

Honorable David D. Leshner
United States Magistrate Judge