UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSRX, INC.; OCULAR SCIENCE, INC., <br><br> Petitioners, <br><br> v. <br><br> HYMAN PHELPS & MACNAMARA, P.C; KARLA L. PALMER <br><br> Respondents. | Case No. 23-cv-1131-BAS-DDL <br><br> **ORDER:** <br> **(1) DENYING PETITIONERS' OBJECTON TO MAGISTRATE JUDGE'S RULING (ECF No. 9);** <br><br> **AND** <br><br> **(2) DENYING RESPONDENTS' MOTION FOR SANCTIONS (ECF No. 12)** |

Pending before the Court are two motions.  Petitioners OSRX, Inc. and Ocular Science, Inc. filed a motion to compel compliance with subpoenas issued to Respondents Karla Palmer and her firm Hyman Phelps & Macnamara.  (ECF No. 1.)  Magistrate Judge Leshner denied the petition.  (ECF No. 6.)  Petitioners then filed a motion objecting to Magistrate Judge Leshner's ruling.  (ECF No. 9.)  Respondents filed a response in opposition to Petitioners' objection which contained a motion for sanctions against Petitioners.  (ECF No. 12.)  Petitioners' objection and Respondents' motion for sanctions are now before the Court.  For the following reasons, the Court **DENIES** Petitioners'

objection to Magistrate Judge Leshner's ruling and **DENIES** Respondents' motion for sanctions.

I.     RELEVANT BACKGROUND

This matter arises out of related, ongoing litigation between the parties involving allegations of trademark infringement, false advertising, and unfair competition. *See ImprimisRx, LLC v. OSRX, Inc.*, No. 3:21-cv-1305-BAS-DDL ("ImprimisRx Litigation"). On March 10, 2022, the Court granted the parties' joint motion for the entry of a Protective Order restricting the use and disclosure of discovery exchanged by the parties. (ImprimisRx Litigation, ECF No. 23.)  The Protective Order allowed for materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to be shared with "counsel," which was defined to include in-house attorneys, outside counsel of record, attorneys and support staff employed by outside counsel, and other personnel who are directly assisting counsel in this matter. (ImprimisRx Litigation, ECF No. 131 at 3.) The Protective Order required confidential information "must not be disclosed" to any party not designated within the Protective Order and "must not be used for any purpose other than in connection with this litigation." (*Id.*)  In May 2022, an attorney for ImprimisRx emailed less than 15 documents designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to Palmer, who serves as outside counsel for ImprimisRx assisting with regulatory matters. (ECF No. 9-1 at 7.)

At the end of 2022, OSRX received regulatory inquiries from a number of state pharmacy boards. (ImprimisRx Litigation, ECF No. 131 at 4.)  These inquiries appear to be initiated because Palmer submitted complaints regarding OSRX's compliance with Section 503 of the Federal Food, Drug, and Cosmetic Act. (ImprimisRx Litigation, ECF No. 127 at 4.)  On their face, the regulatory complaints do not contain any confidential information or information disclosed to Palmer pursuant to the Protective Order.

On December 28, 2022, OSRX served Palmer and her law firm with subpoenas seeking documents and deposition testimony related to the confidential document

disclosure from May 2022. (ImprimisRx Litigation, ECF Nos. 118-5, 118-6.) The subpoenas requested Palmer and her firm appear for a deposition to be questioned on any communications related to compliance with state regulatory guidelines, any investigation done in support of their state regulatory complaints, and any persons interviewed in connection with the state regulatory complaints. (ImprimisRx Litigation, ECF Nos. 118-5, 118-6.) At a January 27, 2023, discovery hearing, OSRX explained to Judge Leshner it issued the subpoenas solely to investigate ImprimisRx's alleged violation of the Protective Order. (ECF No. 6 at 5.)

On February 3, 2023, OSRX filed a motion to compel Palmer and her firm to comply with the subpoenas. (ImprimisRx Litigation, ECF No. 118.) In response, ImprimisRx submitted a declaration from Palmer that identified twelve documents she received marked "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" under the Protective Order. (ECF No. 6 at 3–4.) According to Palmer's declaration, ImprimisRx disclosed these documents to her in order to obtain her assistance with the underlying litigation. (ECF No. 6 at 2.) Palmer stated in her declaration she "did not disclose in any way the [documents] to any state or federal regulatory agency, whether in writing or verbally." (ImprimisRx Litigation, ECF No. 136 ¶ 6.)

Following briefing, Judge Leshner determined the proper forum for OSRX to enforce compliance with its subpoenas was in the United States District Court for the District of Columbia. (ECF No. 6 at 4.) OSRX filed its motion to compel and on June 5, 2023, the United States District Court for the District of Columbia granted OSRX's motion to transfer the motion to compel to this District. (*Id.* at 5.) OSRX then filed a notice of transfer and renewed motion to compel compliance in this District incorporating by reference its original Motion and all prior briefing. (*Id.*)

On July 17, 2023, Judge Leshner ruled against the motion to compel compliance with the subpoenas and engage in further discovery for two reasons: (1) a deposition of Palmer would not provide further insight into whether she was "counsel" under the Protective Order, and (2) there was no evidence in the record showing Palmer or her firm

provided the documents under the Protective Order to state boards or regulators. (ECF No. 6.) Judge Leshner also noted that a deposition of Palmer or document production by her firm "would likely raise issues of the attorney-client privilege and the work product doctrine." (*Id.* at 6.) OSRX subsequently objected to this ruling under Federal Rule of Civil Procedure 72(a). (ECF No. 9-1.) ImprimisRx, Palmer, and her firm responded to OSRX's objection and requested the Court sanction OSRX with attorney's fees for alleged harassment and "bad faith litigation conduct." (ECF No. 12.) Those motions are now before the Court.

## II. MOTION OBJECTING TO MAGISTRATE JUDGE'S RULING

### A. Standard of Review

A magistrate judge may issue a written order deciding any pretrial matter not dispositive of a party's claim or defense. Fed. R. Civ. P. 72(a). A party may appeal a magistrate judge's order on such matters by filing objections within 14 days of the order. *Id*. This Court requires objections to be filed as a noticed motion. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶ 3.

A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Factual determinations are reviewed for clear error and legal conclusions are reviewed de novo to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir 1991). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993) (quotation omitted). In contrast, review of legal conclusions "permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San*

*Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).  Judge Leshner's findings are questions of fact.  Therefore, the Cout reviews his ruling for clear error.

### B.  Analysis

Petitioners first argue that Judge Leshner committed "clear error" because the Court did not rule on whether a violation of the Protective Order occurred.  (ECF No. 9-1 at 10.)  Petitioners are putting the cart before the horse.  Petitioners moved to compel compliance with subpoenas whose purpose they claim was to determine whether a violation of the Protective Order occurred.  (ECF No. 6 at 5.)  If Judge Leshner had found a violation had occurred, there would be no need to conduct further discovery into whether Respondents violated the Protective Order.  Petitioners' motion, and the need for the subpoenas, would then be moot.

Second, Judge Leshner found that deposition testimony or production of documents was not necessary to assess whether a violation of the Protective Order occurred because neither would assist the Court in determining whether Palmer fell within the Protective Order's definition of "counsel."  (ECF No. 6 at 5–6.)  This determination is not clearly erroneous.  Assessing whether Palmer constitutes "counsel" involves interpreting the language of the Protective Order, Palmer's relationship with Plaintiff, and Palmer's involvement in this litigation. (ImprimisRx Litigation, ECF No. 131 at 7–8.)  *See, e.g.*, *See Apple, Inc. v. Samsung Elecs. Co., Ltd*, Case No. 5:11-cv-01846-LHK, 2014 WL 12596470, at *4 (N.D. Cal. Jan. 29, 2019) (evaluating the protective order's plain language in assessing whether a violation occurred).  Judge Leshner does not commit clear error in finding Palmer's declaration and briefing by the Respondents are sufficient for that analysis.

Third, Petitioners argue deposing Palmer is appropriate discovery sanctions for violating the Protective Order.  The Court possesses wide discretion to determine what would constitute reasonable sanctions for violating a protective order.  *See Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (noting the "sanctions available to the district court are discretionary and the imposition of such sanctions 'as are just' will not be reversed

unless there has been an abuse of discretion") (citing *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (describing the inherent powers of courts to manage their own affairs to orderly dispose of cases). And, in some circumstances, compelling deposition testimony and production of documents may be reasonable sanctions for violating a protective order. *See, e.g.*, *Apple*, 2014 WL 12596470, at *1; *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 406 (E.D.N.Y. 2007).

However, in this case, Petitioners did not move for sanctions for violating the Protective Order. Nor did Judge Leshner find *sua sponte* that this sanction was necessary. Furthermore, unlike the cases cited above, ImprimisRx and Palmer have been forthcoming in providing information necessary to assess whether a violation of the Protective Order occurred. *See Apple*, 2014 WL 12596470, at *1 (ordering discovery "[i]n light of the scant explanation and evidence proffered by Samsung"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 406 (E.D.N.Y. 2007) (ordering a deposition and document production where one party had not returned the confidential documents nor submitted a declaration or other testimony to his involvement in the improper document disclosure). Given the facts before the Court, Judge Leshner's exercise of discretion was not clearly erroneous.

Fourth, Petitioners contend that Judge Leshner's conclusion that there is "no evidence in the record before this Court that Palmer disclosed the documents or their contents to any state or federal boards" is clearly erroneous. (ECF No. 9-1 at 13.) Petitioners argue such a conclusion is premature without further discovery and that the factual record contains open questions surrounding the circumstances of the possible Protective Order violation. (*Id.*)

The Court disagrees with this assessment. Petitioners have not identified a single instance where the state regulatory complaints cite to material from the confidential documents. (ECF No. 6 at 6.) Petitioners contend there may still have been unknown disclosures; however, the record before the Court does not show that Judge Leshner committed clear error in finding otherwise. (*Id.*) To wit, Palmer submitted a declaration

stating she has not disclosed any confidential documents to any regulatory agencies. (*Id.*) While Petitioners may have ongoing questions about the state regulatory inquiries, Judge Leshner did not err in his evaluation of the evidence before him.

Finally, Petitioners argue that Judge Leshner's comments that the deposition of Palmer and additional document production may raise concerns around privilege and the work product doctrine are clearly erroneous. Petitioners contend Palmer was not acting in her capacity as ImprimisRx's attorney and therefore has no privilege to assert. (ECF No. 9-1 at 15.) They argue even if Palmer was acting as ImprimisRx's attorney, the underlying facts conveyed to an attorney are not privileged. (*Id.*)

First, while the attorney-client privilege does not protect the underlying facts conveyed to an attorney, the underlying facts have already been relayed to petitioners here. *Cf. Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981); *Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022). In their motion objecting to Judge Leshner's ruling, Petitioners identify as facts to be obtained as "what documents were conveyed to Palmer," "when such documents were relayed," "what Palmer . . . did with those documents," and "when Palmer became aware of the Protective Order in this action." (ECF No. 9-1 at 15.) These facts, however, have already been adduced through Palmer's declaration and statements by Respondents.

Second, Judge Leshner correctly considered ImprimisRx and Palmer's attorney-client relationship when making his decision. Even if Palmer submitted regulatory complaints independently and not as ImprimisRx's counsel, the subject matter of Petitioners' proposed depositions is likely to invoke questions that trespass into Palmer's representation of ImprimisRx and communications related to that representation. Indeed, in their deposition topics list, Petitioners identify deposition topics that involve communications between ImprimisRx and Palmer such as: "[a]ny and all communications relating to [Petitioners'] compliance or alleged noncompliance with FDA or state regulations;" "[a]ny and all investigation conducted by you or Karla Palmer in support of the State Complaints;" and "the content" of interviews conducted by Respondents. (ECF

No. 1-1 at 7.)  It was not clearly erroneous for Judge Leshner to consider the risks related to Palmer's representation of ImprimisRx in assessing whether to require compliance with the subpoenas.  Other district courts have similarly considered parties' attorney-client relationships when assessing whether to order depositions of counsel as discovery sanctions or in the normal course of litigation.  *See, e.g.*, *Sciara v. Campbell*, No. 2:18-cv-01700-DJA, 2021 WL 8321864, at *3 (D. Nev. Mar. 12, 2021); *In re Sause Bros. Ocean Towing*, 144 F.R.D. 111, 116–17 (D. Or. 1991); *Shelton v Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986).

Accordingly, Petitioners' motion objecting to Judge Leshner's previous ruling is denied.

### III.   MOTION FOR ATTORNEY'S FEES

In their Opposition to Petitioners' objection to Magistrate Judge Leshner's ruling, Respondents move the Court to sanction Petitioners for bad faith litigation conduct under Federal Rule of Civil Procedure 45(d)(1).  (ECF No. 12 at 15.)

Federal Rule of Civil Procedure 45(d)(1) allows the Court to sanction a party who fails "to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  The Court "may … impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law."  *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013).  Such sanctions are discretionary.  *Id.*  The Court need not impose sanctions every time it denies a motion to compel or finds a subpoena overbroad given that it "may sometimes result from normal advocacy, which [ ] should not give rise to sanctions."  *Id.* (citing *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425–27 (9th Cir. 2012)).

ImprimisRx moves to recover its attorneys' fees because Petitioners allegedly continue to "harass" ImprimisRx and Palmer in order to obtain unrelated discovery amounting to "bad faith litigation conduct."  (ECF No. 12 at 15–16.)  In reviewing the record, the Court is not convinced.  While Petitioners issued the subpoenas in pursuit of material "not relevant to a claim or defense" in the litigation, their efforts to understand the

extent of the alleged protection order violation do not amount to "bad faith" or an improper purpose. And while Judge Leshner found the deposition of Palmer and additional document production unnecessary, Petitioners did not act with improper purpose in issuing the subpoenas. Rather, OSRX aims to understand whether its ongoing regulatory complaints are linked to the disclosure of confidential documents to Palmer. These questions are reasonable and a natural consequence of the document disclosure given the Protective Order and subsequent regulatory complaints initiated by Palmer. Accordingly, the Motion for Sanctions under Rule 45(d)(1) is denied.

### IV.  CONCLUSION

For the forgoing reasons, the Court **DENIES** Petitioners' objection to Magistrate Judge Leshner's ruling to deny Petitioners' motion to compel compliance with the subpoena (ECF No. 9) and **DENIES** Respondents' motion for sanctions (ECF No. 12).

**IT IS SO ORDERED.**

DATED: December 7, 2023

Hon. Cynthia Bashant
United States District Judge